IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Newport News Division*



FILED IN OPEN COURT

FEB - 9 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.    ) <br> ) <br> ANTHONY GALE TURNER, Sr. ) <br> ) <br> Defendant.    ) | CRIMINAL NO. 4:22-cr-83 |

## STATEMENT OF FACTS

The United States and the defendant, ANTHONY GALE TURNER, (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In May of 2020, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) initiated an investigation following the law enforcement recovery of a firearm in Canada. Utilizing a trace report, ATF identified the first sale of the firearm. The firearm recovered was traced back to and originally sold by Federal Firearms License holder (FFL), ANTHONY TURNER, owner of G7 Worldwide LLC.

2. TURNER, a licensed dealer of firearms, operated his FFL business, G7 Worldwide LLC, from a location on Pratt Street in Hampton, Virginia for several years to include 2018, 2019, and 2020.

3. ATF interviewed the listed original purchaser (OP), according to the ATF Form 4473, of the firearm recovered in Canada that was purchased from TURNER.

4. OP informed ATF that he/she never physically took custody of the firearm but was a straw purchaser of several firearms for S.C.

1

5. OP told ATF that he/she completed the ATF Form 4473 at the direction of TURNER and provided TURNER with his/her Virginia driver's license.

6. OP confirmed the sale took place at G7 Worldwide LLC and that S.C. took possession of all the firearms OP straw purchased.

7. ATF confirmed through court documents that, at the time of the straw purchase, S.C. was a convicted felon.

8. ATF interviewed five other straw purchasers of firearms from G7 Worldwide who independently stated TURNER completed firearms transactions with their information by similar means between 2018 and 2021.

9. ATF Special Agents investigating TURNER's transactions above learned that ATF Industry Operation Investigators (IOI) had initiated a separate and independent inspection of G7 Worldwide LLC's business in January 2021 after Turner's failure to respond to a Trace request – a violation of regulatory mandate as an FFL dealer.

10. On February 18, 2021, ATF reviewed the findings of IOI's January 2021 inspection and learned of multiple regulatory violations and additional sales to prohibited persons.

11. One unlawful transaction discovered by IOI's January 2021 inspection occurred as follows:

   a. On June 30, 2020, TURNER sold a CZ, Model CZ82, 9mm, semiautomatic handgun, S/N: 186026 to E.C.

   b. At the time of the transaction, E.C. was a resident of the state of New Jersey and was visiting the Hampton Roads, Virginia area.

   c. TURNER asked for identification to complete the transaction and E.C. provided TURNER with E.C.'s current and valid New Jersey driver's license.

    d. TURNER made a copy of E.C.'s New Jersey driver's license and handwrote E.C.'s New Jersey residence on the firearm transfer forms.

    e. ATF interviewed E.C. on July 14, 2021, who confirmed he purchased the CZ, Model CZ82, 9mm, semiautomatic handgun, S/N: 186026 from TURNER on June 30, 2020, after informing TURNER he lived in New Jersey, was only visiting Virginia, and provided TURNER with his New Jersey driver's license to complete the purchase.

    f. E.C. was not a licensed firearms dealer.

12. Throughout 2018, 2019, and 2020, TURNER transported, transferred, or otherwise disposed of at least 49 firearms to other individuals that TURNER knew or had reason to believe such conduct would result in the transport, transfer, or disposal of those firearms to an individual whose possession or receipt of the firearm would be unlawful.

13. On or about June 30, 2020, in the Eastern District of Virginia, the defendant, ANTHONY GALE TURNER, being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did sell to E.C., a firearm, that is, a CZ, Model CZ82, 9mm, semiautomatic handgun, S/N: 186026, knowing and having reasonable cause to believe, that E.C., at the time of the sale, did not reside in the Commonwealth of Virginia, the State in which the licensee's place of business was located, in violation of Title 18, United States Code, Sections 922(b)(3) and 924(a)(1)(D).

14. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

15. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Peter G. Osyf
Assistant United States Attorney
VA Bar No. 86597
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000
peter.osyf@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ANTHONY GALE TURNER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ANTHONY GALE TURNER

I am Gregory K. Matthews, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Gregory K. Matthews
Attorney for ANTHONY GALE TURNER

4